UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH M.,
       Plaintiff,

v.                                    C.A. No. 21-413WES

KILOLO KIJAKAZI,
Acting Commissioner of the Social Security
Administration,
       Defendant.

## MEMORANDUM AND ORDER

PATRICIA A. SULLIVAN, United States Magistrate Judge.

After Plaintiff Joseph M. filed his initial motion to reverse (ECF No. 11), the Commissioner acknowledged that the matter should be remanded and filed her assented motion to remand (ECF No. 14). On August 2, 2022, the assented motion was granted and the Court issued judgment in Plaintiff's favor. ECF Nos. 15 & 16. Plaintiff has now filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 17. The EAJA fee motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A).

Plaintiff's motion asked the Court for an award of $8,412.98. ECF No. 17. Plaintiff's opening brief is accompanied by a timesheet including what is plainly time spent on administrative/clerical tasks with all of the time – both legal and clerical – billed at attorney rates. ECF No. 17-2. Yet Plaintiff provided no information regarding the qualifications of the person(s) who performed the work and did not break down the work between attorney and paralegal. In opposition, the Commissioner represented that she had asked Plaintiff for a break down of who performed each task on the timesheet, but Plaintiff's counsel declined. ECF No. 18

at 1.  The Commissioner further argued that Plaintiff's timesheet is inflated and inaccurate.[1] ECF No. 18.  On reply, Plaintiff withdrew the original timesheet and submitted a new version, this time dividing the time into work performed by an attorney and work performed by a paralegal, resulting in a reduced request for $7,501.47.  ECF No. 20-1.  Because Plaintiff's approach – filing one version of the timesheet initially and supplementing the record with a different version on reply – left the Commissioner without its right to respond, the Court directed that she make a supplemental filing.  Text Order Dec. 8, 2022.  In response, the Commissioner urges the Court to reduce the fee awarded because the hours Plaintiff's counsel seeks are not reasonable, pointing out that some of the time recorded reflects work that is facially excessive or unnecessary.  ECF No. 23.  The Commissioner no longer disputes the hourly rates that Plaintiff has requested.[2]

The only issue in dispute is the reasonableness of the time spent by Plaintiff's counsel in litigating this case.  See 28 U.S.C. § 2412(d)(2)(A).  Plaintiff's counsel bears the burden of demonstrating reasonableness.  Marc P. v. Kijakazi, C.A. No. 21-00112-MSM, 2022 WL 2290602, at *1 (D.R.I. June 24, 2022).  "Reasonableness in this context is largely a matter of informed judgment."  Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008).  "[A] district court may deem an expenditure of time unreasonable if the reported hours are excessive, redundant, or otherwise unnecessary."  Id. (internal quotation marks omitted).  "Counsel for the

---

[1] In support of this argument, the Commissioner referenced the billing practices of Plaintiff's counsel in other cases, which Plaintiff has asked the Court to disregard, arguing that the timesheets in the other cases were submitted as compromise proposals that are not admissible pursuant to Fed. R. Evid. 408 so that the alleged errors, inaccuracies, and questionable entries on them should not be considered in this case.  The Court declined to permit further briefing on this issue, ruling that its focus must be on the reasonableness of what is reflected in the timesheets Plaintiff presented in *this* case.  Text Order Dec. 8, 2022.  "The relevant question . . . is not what is required in *most* social security cases, but what did *this* case require."  Glass v. Secretary of Health and Human Svs., 822 F.2d 19, 20 (6th Cir. 1987).

[2] These are $221.34 for attorney work in 2021, $231.49 for attorney work in 2022, and $95 for paralegal work in 2021 and 2022.  ECF No. 20-1.

prevailing party has an ethical duty to make a good faith effort to exclude excessive, redundant, or otherwise unnecessary hours from counsel's fee petition." Gough v. Apfel, 133 F. Supp. 2d 878, 880 (W.D. Va. 2001) (internal quotation marks omitted); see also Marrotta v. Suffolk County, 726 F. Supp. 2d 1, 8 (D. Mass. 2010). Clerical or administrative tasks "'ought not to be billed at lawyers' rates, even if a lawyer performs them.'" Sinclair v. Berryhill, 284 F. Supp. 3d 111, 117 (D. Mass. 2018) (quoting Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992)). In examining the reasonableness of the time for which an award is sought, the Court should consider the Commissioner's approach to the case, particularly where, as here, she reduced the time required to be invested by Plaintiff in that she initiated the motion to remand after only one extension following her receipt of Plaintiff's opening brief. See Jessica M. v. Berryhill, C.A. No. 17-464JJM, 2019 WL 399153, at *3 (D.R.I. Jan. 31, 2019) (in setting award that is reasonable, court may consider that "the government's approach to the case significantly reduced the time required to be invested by Plaintiff"). The "district court will always retain substantial discretion in fixing the amount of an EAJA award." Stern v. Astrue, Civil No. 08-213-P-S, 2009 WL 2824751, at *1 (D. Me. Aug. 27, 2009), adopted, 2009 WL 5174689 (D. Me. Dec. 18, 2009) (internal quotation marks omitted).

      Plaintiff's revised timesheet raises concerns regarding the reasonableness of some of the work supposedly performed. For example, Plaintiff's timesheet reflects the billing practice of disaggregating a single task into its constituent parts and then recording a separate (and facially excessive) time entry for each. This practice is reflected in the series of billing entries on October 14, 2021, when a paralegal purported to have spent an hour filing "documents" to initiate this case, and then separately billed 15 minutes each for completing and filing the civil cover sheet and completing and filing the personal identifier statement and another half hour for

filing the "IFP Motion & supporting paperwork."[3]  ECF No. 20-1 at 1.  Similarly unreasonable is the expenditure on October 28, 2021, of nearly ten minutes each for three separate tasks, first to "rec[eive]" and review the Court's text order granting the IFP motion, then to "rec[eive]" and review the Court's case opening notice and third to "rec[eive]" and review the one-line entry of appearance for counsel for the Commissioner; equally unreasonable is fifteen additional minutes to review a second entry of appearance in May 2022.  Id. at 1-2.  The timesheet also reflects the billing of attorney time for a task that plainly was not performed (time entry on May 12, 2022, for "[a]ssented to Defendants [sic] motion for extension" when no such extension motion was filed).  The Court further finds that the time expended (3.5 hours) preparing the original EAJA motion – supported by a timesheet that improperly billed clerical tasks at attorney rates – is excessive and should be reduced to one hour.  See Marc P., 2022 WL 2290602, at *2 (fee reduced because counsel "improperly presented a new argument in his Reply Brief").  Relatedly, the Court declines to allow Plaintiff's counsel's "reserv[ation of] the right to file a supplemental fee petition" for preparing his reply brief.  ECF No. 17 at 5 n.7.  Plaintiff's opening brief claimed attorney reimbursement rates for work performed by a paralegal.  See Jessica M., 2019 WL 399153, at *2 ("hours . . . more properly classified as administrative tasks . . . should be compensated at the paralegal rate").  As a result, the Commissioner was compelled to prepare an extensive opposition addressing that concern and then a supplemental brief (at the Court's request) to address Plaintiff's second version of his timesheet.  Based on this sequence, I find that it is not reasonable to award any fees for the work Plaintiff's counsel performed in preparing the reply.

---

[3] All of these filings on October 14, 2021, were made within three minutes of each other.

Mindful of these exemplar issues, the Court has relied on the Commissioner's supplemental brief, which itemizes those entries that she still contends are not reasonable. Based on my own analysis of this itemization, the Court endorses these arguments as well founded, with three exceptions. First, the Court finds that the .45 hours spent on July 7, 2022, for the attorney to report on the status of the remand to the client is a reasonable expenditure of time. ECF No. 23 at 6-7. Second, the Court finds the one hour of attorney time charged on May 19, 2022, for communicating with counsel and reviewing and assenting to the remand language, is not unreasonable under the circumstances. Id. at 5-6. And third, while extensions generally are not proper expenses unless they are caused by circumstances beyond the parties' control, in this instance, the Court considers the *de minimis* billing of .3 hours of paralegal time for filing two extension motions not to be unreasonable. Id. at 4.

In light of these findings, to calculate the reductions, the Court relies on the Commissioner's supplemental brief proposing a fee award of $6,310.98, which should be increased by $104.17 to compensate for the time reasonably spent advising the client, $115.75 for the attorney time spent related to the remand, and $28.50 for a paralegal to file extension motions. Based on the foregoing, Plaintiff's Motion for Attorneys' Fees under the EAJA (ECF No. 17) is GRANTED in part, in the total amount of $6,559.40. To the extent that Plaintiff seeks more, the motion is denied.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
December 16, 2022